IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEAN MOSTOFI

v.                              Civil Action No. DKC 11-2011

EXPERIAN INFORMATION SOLUTIONS,
INC., et al.

## MEMORANDUM OPINION

On March 5, 2014, this court issued a memorandum opinion and order awarding judgment to Defendants Trans Union, LLC and Experian Information Solutions, Inc. and against Plaintiff Dean Mostofi.  (ECF Nos. 171 & 172).[1]  Many of the filings in this case were made with accompanying motions to seal.  The court denied all the motions to seal and gave the parties fourteen (14) days to submit redacted copies of their filings with justifications for such redactions or explain why nothing less than sealing the documents in full is appropriate.  Experian and Trans Union have responded to these instructions (ECF Nos. 176 and 177); Plaintiff has not.  Additionally, Trans Union has filed a motion for Rule 11 sanctions and for attorney's fees pursuant to 15 U.S.C. § 1681n.  (ECF No. 174).  Plaintiff and Defendant Equifax Information Services, LLC have moved for

---

[1] The United States Court of Appeals for the Fourth Circuit recently affirmed that decision.  ECF No. 190.

dismissal with prejudice. (ECF No. 179). These motions will be addressed it turn.[2]

## I.   Motions to Seal

Defendants have each responded to this court's order that they provide redacted copies of their filings under seal or explain why any document needs to be sealed in its entirety. Plaintiff has not responded. Defendants seek to redact Plaintiff's personal information found in numerous filings as required by Rule 5.2(a) of the Federal Rules of Civil Procedure and redact the notation "CONFIDENTIAL" from one deposition transcript so as to eliminate any confusion. Defendants have not submitted any redacted copies, though. Their motions will be granted and they shall submit the redacted versions within fourteen (14) days. The remainder of the record will be unsealed.[3]

---

[2] Trans Union has also filed a motion to withdraw the *pro hac vice* admission of Sandra L. Davis. This motion will be granted.

[3] The March 5, 2014 memorandum opinion failed to adjudicate two pending motions to seal: a motion to seal Experian's opposition to Plaintiff's motion to strike (ECF No. 156), and Plaintiff's reply to his motion to strike (ECF No. 162). As with their prior motions to seal, each based its motion to seal on the fact that the information referenced had been designated confidential pursuant to a protective order. These motions will be denied for the reasons stated in the March 5, 2014 memorandum opinion. The referenced information was part of the record that the court asked the parties to provide any redactions for. None was provided for these documents, so they will be unsealed.

**II.  Trans Union's Motion for Sanctions and Attorney's Fees**

Trans Union moved for the court to enter Rule 11 sanctions against Plaintiff and to award it attorney's fees and costs pursuant to 15 U.S.C. § 1681n.  It argues that Plaintiff's complaint was frivolous and contained allegations and factual connections devoid of evidentiary support and not warranted by existing law and, furthermore, Plaintiff was aware of all facts necessary to identify this frivolity.

"[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  Under Rule 11, by presenting a pleading or written motion to the court, an attorney or unrepresented party "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading or motion is, among other things, "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" and that its "allegations and other factual contentions have evidentiary support."  Fed.R.Civ.P. 11(b).  15 U.S.C § 1681n(c) allows a court to award fees if Plaintiff's claims were brought "in bad faith or for purposes of harassment."

3

There is a difference between a losing case and a frivolous case: "We have recognized that maintaining a legal position to a court is only sanctionable when, in 'applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (*quoting In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998)).  Thus, to avoid sanctions, an "allegation merely must be supported by *some* evidence." *Brubaker v. City of Richmond,* 943 F.2d 1363, 1377 (4th Cir. 1991) (emphasis in original).  Furthermore, "[m]otions for sanctions are to be filed sparingly," and "[t]he keynote is cooperation and simple solutions, not paperwork and unnecessary expense to clients." *Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 366 (D.Md. 1994).

Trans Union argues that Plaintiff's accurate credit report is a complete defense to Plaintiff's claims and Plaintiff would have realized as much with reasonable inquiry.  This argument will be rejected.  Despite the fact that Plaintiff could not successfully establish FCRA liability on any of his asserted claims, there is no indication on the record that Plaintiff acted with a dishonest purpose or with ill will, or that Plaintiff's claims were "utterly without factual foundation." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 411 (4th Cir. 1999).  It is

4

not apparent that a reasonable attorney in Plaintiff's position "could not have believed his actions to be legally justified." *Hunter*, 281 F.3d at 153.  Furthermore, there is no evidence that this case is part of a pattern of bringing lightly supported or frivolous claims against credit reporting agencies.  *Cf. Kalos v. Centennial Sur. Assocs., Inc.*, No. CCB-12-1532, 2012 WL 6210117, at *4 (D.Md. Dec. 12, 2012) (finding Rule 11 sanctions appropriate where plaintiff brought over a dozen cases against the defendants or related parties on frivolous grounds). Plaintiff's claims do not meet the high standard required for the imposition of sanctions and, consequently, the court will exercise discretion not to award sanctions.

### III. Plaintiff and Equifax's Motion to Dismiss with Prejudice and Plaintiff's Motion to Seal

On March 24, 2014, Plaintiff and Equifax Information Services, LLC jointly stipulated to dismissing with prejudice all of Plaintiff's claims against Equifax.  Consequently, Plaintiff's claims against Equifax will be dismissed and Plaintiff's motion to enforce his settlement agreement with Equifax will be denied as moot.  Plaintiff's motion to seal certain documents submitted in connection with his motion to enforce settlement will be granted.  Plaintiff has filed redacted versions which only redact the amount of settlement. Furthermore, these documents are not "judicial records" subject

to the presumptive right of public access as they did not "play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). Consequently, the unredacted versions will remain sealed. A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge